[Cite as *Walker v. Ohio Dept. of Transp.*, 2011-Ohio-2738.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HEATHER WALKER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORT.

     Defendant

     Case No. 2010-10530-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)     Plaintiff, Heather Walker, filed this action against defendant, Department of Transportation (ODOT), contending her 1983 Chevrolet C10 truck was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on 3 Rivers Bridge in Coshocton, Ohio.  Plaintiff related her damage incident occurred as she was traveling across 3 Rivers Bridge and her vehicle struck a pothole causing windshield and axle damage.  Plaintiff recalled the incident occurred on August 4, 2010 at approximately 2:00 a.m.  In her complaint, plaintiff requested damages in the amount of $958.48, the cost of replacement parts and related repair expense.  The filing fee was paid.

{¶ 2} 2)     Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact that the City of Coshocton and not ODOT bears the maintenance responsibility for the section of roadway where plaintiff's incident occurred.  Defendant advised that, "the City of Coshocton is responsible for the maintenance of the roadway upon which plaintiff's incident occurred (and) [a]s such, the City of

Coshocton is the proper party to plaintiff's claim." The site of the damage incident was not on a roadway maintained by ODOT.

{¶ 3} 3)     Plaintiff did not respond.

CONCLUSIONS OF LAW

{¶ 4} 1)     R.C. 2743.10(A) provides:

{¶ 5} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions."

{¶ 6} 2)     R.C. 2743.02(A)(2) states in pertinent part:

{¶ 7} "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

{¶ 8} 3)     R.C. 5501.31 in pertinent part states:

{¶ 9} "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

{¶ 10} The site of the damage-causing incident was not within the maintenance jurisdiction of defendant. Consequently, plaintiff's case is dismissed.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor

HEATHER WALKER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORT.

     Defendant

     Case No. 2010-10530-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth above, plaintiff's case is DISMISSED.  The court shall absorb the court costs of this case.

                         _____
                         DANIEL R. BORCHERT
                         Deputy Clerk

Entry cc:

| | |
|---|---|
| Heather Walker | Jerry Wray, Director |
| 605 ½ N. 15th Street | Department of Transportation |
| P.O. Box 883 | 1980 West Broad Street |
| Coshocton, Ohio  43812 | Columbus, Ohio  43223 |

RDK/laa
2/25
Filed 3/9/11
Sent to S.C. reporter 5/27/11